UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VERNA BYRD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 04-2231 (PLF) |
| | ) |
| DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION AND ORDER

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint for improper service of process pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Upon consideration of defendant's motion and plaintiff's opposition, the Court concludes that plaintiff did not properly serve defendants in accordance with Fed. R. Civ. P. 4(j) and Rule 4(j)(1) of the District of Columbia Superior Court Civil Rules. The Court also finds that plaintiff has demonstrated good cause for her failure to effect proper service, and therefore will afford plaintiff additional time to effect proper service of process.

I. BACKGROUND

On December 27, 2004, plaintiff filed a complaint in this Court, alleging that defendants discriminated against her on the basis of her sex during plaintiff's employment at the District of Columbia Department of Corrections. See Compl. ¶ 3. Plaintiff attempted to serve defendants on or about December 28, 2004 by sending the summons and complaint via certified mail to Mayor Anthony Williams, in care of the District of Columbia Office of Risk

Management at Suite 800 South, 441 4th Street, N.W., Washington, DC 20001.  See Opposition to Motion to Dismiss for Improper Service of Process ("Pl. Opp.") ¶ 2.  Plaintiff alleges that on January 26, 2005, Teresa J.A. Quon, Section Chief of the District of Columbia General Litigation Section III, Office of the Attorney General of the District of Columbia, informed plaintiff's counsel in a telephone conversation that process had been improperly served and that plaintiff needed to serve the Secretary of the District of Columbia at 1350 Pennsylvania Avenue, N.W. See id. ¶ 3.  Plaintiff's counsel asked for a "citation to the precise authority identifying the correct method of service on the District," whereupon Quon faxed a copy of two Mayoral Orders governing service of process upon the District.  See id.  Plaintiff subsequently telephoned the Office of the Attorney General to verify the correct address and "confirmed that 1350 Pennsylvania Ave., N.W., Room 419, was the correct address for certified mail for this purpose." See id. ¶ 3.[1]

On February 2, 2005, plaintiff sent the summons and complaint by certified mail, return receipt requested, to "the Mayor of the District of Columbia c/o the Secretary of the District of Columbia" at the address provided by Ms. Quon.  See Pl. Opp. ¶ 4.  Melissa Butler, presumably an employee of the Office of the Secretary of the District of Columbia, signed for the letter at the 1350 Pennsylvania Avenue address.  See id. ¶ 5.  Defendants did not respond until May 12, 2005, when they filed a motion to dismiss for improper service of process.  See Mot. to Dismiss; Pl. Opp. ¶ 9.

---

[1] Plaintiff's Opposition contains two paragraphs numbered as ¶ 3.  Both paragraphs are referred to herein as ¶ 3.

## II.  DISCUSSION

### *A.  Adequacy of Service of Process*

Rule 4(j)(2) of the Federal Rules of Civil Procedure governs service of process "upon a state, municipal corporation, or other governmental organization." The Rule states that service shall be effected by delivering a copy of the summons and the complaint to the chief executive officer (the Mayor of the District of Columbia, in this instance), or "by serving the summons and complaint in the manner prescribed by the law of that state for the service of summons or other like process upon any such defendant." FED. R.CIV. P. 4(j)(2). Rule 4(j)(1) of the District of Columbia Superior Court Civil Rules prescribes the method for effecting service of process on the District:

> Service shall be made upon the District of Columbia by delivering . . . or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now the Attorney General] of the District of Columbia (or designee).  The Mayor and the Corporation Counsel may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the [Superior] Court.

Paragraph (c)(3) states that "as to any defendant described in subdivision[] . . . (j), service also may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested." D.C. SUPER. CT. CIV.R. 4(c)(3). The Mayor has designated the Secretary of the District of Columbia as his agent for the receipt of legal correspondence including summonses and complaints. See Mayor's Order 2004-77 ¶ 1 (May 14, 2004).

Although Superior Court Civil Rule 4 appears to invite those wishing to effect service of process upon the District of Columbia to mail a copy of the summons and complaint to the Office of the Secretary, service of process under District of Columbia law has been held to be valid only if the mail is signed for by an employee who is designated to receive service of process. In Eldridge v. District of Columbia, 866 A.2d 786, 787-88 (D.C. 2004), a case factually similar to this one, plaintiff had sent copies of the complaint by certified mail to the Mayor and Corporation Counsel of the District of Columbia. Id. at 786. Although the mailings apparently reached the correct addresses, "the individuals who acknowledged the complaint, summons and initial order were not the proper designees." Id. at 787. The District of Columbia Court of Appeals stated that:

> [A]lthough the complaint was mailed to the Office of the Mayor
> and the Office of the Corporation Counsel and signed for by
> employees in those respective offices, they were not, however,
> signed for and recieved by the specific employees designated to
> receive service of process. This court, therefore, concludes that
> [plaintiff] did not effect proper service of process upon the Mayor
> or the Corporation Counsel in accordance with strictures of Super.
> Ct. Civ. R. 4(j)(1).

Id.[2]

Eldridge reaffirms established District of Columbia precedent that service of process is invalid when the plaintiff sends a summons and complaint by certified mail to a

---

[2]   Plaintiff attempts to distinguish Eldridge by asserting that in Eldridge "the process went to the wrong address." Pl. Opp. ¶ 17. Although the Eldridge court stated in a footnote that the appellant "used an incorrect address for the Mayor's office," the court added that "the service of process was defective for other reasons," and based no part of its analysis on this fact. Eldridge v. District of Columbia, 866 A.2d at 787 & n.1. In addition, it appears that in Eldridge the incorrectly addressed letter eventually made it to the Mayor's office, and was signed for by employees in that office. Id. at 787.

defendant's offices but the mail is signed for by a secretary, receptionist, or other individual not specifically authorized to accept service of process. This holds true even if the receptionist or secretary generally opens and signs for the mail delivered to that address. See, e.g., Larry M. Rosen & Assoc., Inc. v. Hurwitz, 465 A.2d 1114, 1117 (D.C. 1983) (service of process invalid when complaint and summons were sent by registered mail to corporate address and opened by receptionist authorized to open any letters addressed to appellants, even though receptionist supposedly delivered a copy of summons and complaint to each appellant); Morfessis v. Marvins Credit, Inc., 77 A.2d 178, 179-80 (D.C. 1950) (finding that secretary did not have authority to accept service of process even though appellant had instructed secretary to receive and accept "all of his business papers and mail").[3]

       Given the enormous amount of mail received by the Secretary in her official capacity, Super. Ct. Civ. R. 4(j)(1), as interpreted by the D.C. Court of Appeals, seeks to ensure that the Secretary or an official designee will be placed on notice when a summons arrives by mail. The Rule also protects the District from the consequences of being served and failing to respond should an unauthorized employee of the Secretary sign for and misfile a summons and complaint mailed to the office.[4] The present case involves a summons and complaint mailed to

---

[3]     In opposition to defendant's motion, plaintiff cites a case from this Court stating, in *dicta*, that a corporation cannot "complain that the summons was delivered to the wrong person when the process server has gone to its offices, made proper inquiry of defendant's own employees, and delivered the summons according to their directions." Whitehead v. CBS/Viacom, Inc., 221 F.R.D. 1, 4 & n.6 (D.D.C. 2004) (citing Zen Music, Inc. v. CVS Corp. 1998 WL 912102, at *3 (S.D.N.Y. 1998)). That statement in Whitehead, however, dealt with the *intentional* evasion of service by a corporation. See Whitehead v. CBS/Viacom, Inc., 221 F.R.D. at 4 & n.6. There is no indication here that defendants intentionally evaded service of process.

[4]     Plaintiff states that defendants "ha[ve] had actual notice of these proceedings since at least January 25, 2005." See Pl. Opp. ¶ 10. It is established that "notice alone cannot

the proper address but opened by an individual not designated to receive service of process.  For the reasons stated above, the Court finds that plaintiff did not properly serve process on the District of Columbia in accordance with Fed. R. Civ. P. 4(j) and Super. Ct. Civ. R. 4(j)(1).

*B.  Extension of Time to Effect Service of Process*

Plaintiff requests that if the Court finds process not to have been served properly, it provide plaintiff additional time to effect service pursuant to Fed. R. Civ. P. 4(m).  Rule 4(m) provides that courts "shall extend the time for service for an appropriate period," provided that the plaintiff shows good cause for the failure to properly serve the summons and complaint upon the defendant in a timely manner.  FED. R. CIV. P. 4(m).  Plaintiff bears the burden of showing good cause.  Whitehead v. CBS/Viacom, Inc., 221 F.R.D. at 3.  "Mistake of counsel or ignorance of the rules of procedure usually does not suffice to establish good cause."  Id.

After plaintiff's first attempt at effecting service, Ms. Quon, an agent of the defendants, provided plaintiff with the correct address along with copies of Mayor's Orders 97-177 and 2004-77.  Plaintiff appears to allege that Quon represented these orders as "the specific Mayoral Orders governing service of process."  Pl. Opp. ¶ 3.  As stated, Mayor's Order 2004-77 designates the Secretary of the District of Columbia as the Mayor's agent for the receipt of legal correspondence, including summonses and complaints.[5]  The order states:

---

cure an otherwise defective service."  Whitehead v. CBS/Viacom, Inc., 221 F.R.D. at 4 (citing Zen Music, Inc. v. CVS Corp., 1998 WL 912102, at *2).  See also LSJ Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 322 (6th Cir. 1999) ("actual knowledge cannot take the place of legally sufficient service"); BPA Intern., Inc. v. Kingdom of Sweden, 281 F. Supp.2d 73, 84 (D.D.C. 2003).

[5]   Mayor's Order 97-177 states in relevant part that the Secretary of the District of Columbia "shall perform the following functions . . . Authorized to receive legal process in actions against the Mayor."  See Mayor's Order 97-177 (October 9, 1997) ¶3(o).

> The Secretary shall designate from time to time, by office order, one or more personnel to handle the receipt of legal correspondence addressed to the Mayor. The personnel so designated shall receive legal correspondence either from the person effecting service upon the Secretary . . . or from any other originating or transmitting source, as the case may be.

Mayor's Order 2004-77 ¶ 3. The Order further provides that "if the legal correspondence was forwarded by certified or registered mail, the personnel designated by the Secretary shall complete the information required on the postal card accompanying the mailing (commonly referred to as the 'green card'), [and] return the card by mail to the sender." Id. ¶ 6.

Super. Ct. Civ. R. 4(j)(1), read in conjunction with Super. Ct. Civ. R. 4(a)(c)(3), appears to invite plaintiffs to send a copy of the summons and complaint by certified mail to effect service of process. Furthermore, the Mayor's Orders provided to plaintiff state that if a plaintiff sends a complaint and summons by certified mail to the Secretary of the District of Columbia, such correspondence "shall" be signed for by the personnel designated by the Secretary to handle the receipt of legal correspondence. Nowhere in Super. Ct. Civ. R. 4 or in the Mayor's Orders are potential process servers warned that service of process will be invalid if the letter containing the summons and complaint happens to be signed for by someone other than the Secretary or a person designated by the Secretary to handle legal correspondence.

In this case, plaintiff did precisely what she was advised to do by an agent of the defendants and relied on the advice and direction she was given. She appears therefore simply to have been a victim of bad luck. Upon arriving at the correct address, the complaint and summons were signed for by an individual who was not authorized to receive legal correspondence, in apparent violation of Mayor's Order 2004-77. Because plaintiff received no

7

notice of whom, if anyone, the Secretary had designated to handle receipt of legal correspondence, plaintiff had no way of knowing from the return receipt that the letter had been signed for by an employee without the authority to do so. Yet plaintiff was reasonable in assuming that the Office of the Secretary had complied with the Mayor's 2004 order requiring that legal correspondence be received and signed for by the Secretary or personnel designated by the Secretary. See Mayor's Order 2004-77 ¶¶ 3, 6.

This Court finds that plaintiff had good cause to believe, based on Super. Ct. Civ. R. 4 and the material sent to her by defendant's agent, that service of process would be effected if she sent the complaint and summons to the Office of the Secretary of the District of Columbia by certified mail. Accordingly, the Court shall, pursuant to Fed. R. Civ. P. 4(m), provide defendants with forty-five (45) days from the date of this Order to effect proper service of process upon the defendants.

### III. CONCLUSION

The Court finds that plaintiff did not effect proper service of process upon defendants, but further finds that plaintiff has shown good cause for her failure to do so, and therefore will afford plaintiff additional time to properly effect service of process upon defendants under Rule 4(m) of the Federal Rules of Civil Procedure. Accordingly, it is hereby

ORDERED that defendants' motion to dismiss plaintiff's complaint [3] for improper service of process is DENIED; and it is

FURTHER ORDERED that plaintiff shall cause process to be served on defendants and proof of service to be filed with the Court within 45 days of the date of this

Memorandum Opinion and Order. If plaintiff fails properly to serve defendants or fails to file proof of service with the Court by that date, this case shall be dismissed.

        SO ORDERED.

                                            /s/_____
                                            PAUL L. FRIEDMAN
                                            United States District Judge

DATE:  August 10, 2005